UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LULDELIN CRUZ-DOUGHTY,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, LULDELIN CRUZ-DOUGHTY (hereinafter "CRUZ-DOUGHTY" or "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA") and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132(f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. CRUZ-DOUGHTY brings this action to recover long-term disability ("LTD") benefits coverage due to her under the terms of employee welfare benefit plans, to enforce her rights under the plans and to clarify her rights to benefits under the terms of plans.

2. CRUZ-DOUGHTY was at all times relevant a citizen of the United States of America and in all respects sui juris.

1

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida, it can be found in the Southern District of Florida.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

5. CRUZ-DOUGHTY was at all times material an employee of Citizens Financial Group ("Citizens").

6. CRUZ-DOUGHTY was at all times material a plan participant under the Citizens Long Term Disability Plan, Group Policy Number LK-0963742 (the "LTD Plan") which is established by Citizens and pursuant to which CRUZ-DOUGHTY is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

7. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

8. LINA is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

9. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

10. LINA is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on CRUZ-DOUGHTY's claim at issue.

11. Pursuant to the terms and conditions of the LTD Plan, CRUZ-DOUGHTY is entitled to LTD benefits for the duration of her disability, or until social security normal retirement age, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 80% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability.

13. At all relevant times, CRUZ-DOUGHTY has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

14. Since approximately February 27, 2018, CRUZ-DOUGHTY has been disabled under the terms of the LTD Plan.

15. At all relevant times, CRUZ-DOUGHTY was a Covered Person under the LTD Plan.

16. Shortly after becoming disabled under the terms of the LTD Plan, CRUZ-DOUGHTY made a claim to LINA for disability benefits which LINA initially paid through September 12, 2019.

17. By letter dated September 12, 2019, LINA informed CRUZ-DOUGHTY that her claim had

been closed and no further benefits were payable past September 12, 2019.

18. CRUZ-DOUGHTY properly and timely appealed LINA's adverse determination.

19. By letter dated June 19, 2020, LINA affirmed its adverse determination and advised CRUZ-DOUGHTY that she could bring a legal action for benefits under ERISA.

20. Since CRUZ-DOUGHTY continues to be disabled under the terms of the LTD Plan, CRUZ-DOUGHTY has been owed disability benefits under the LTD Plan since September 13, 2019

21. From September 13, 2019 to the present date, CRUZ-DOUGHTY has not received benefits owed to her under the LTD Plan, despite CRUZ-DOUGHTY's right to these benefits.

22. At all relevant times, LINA was the payer of benefits.

23. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

24. At all relevant times, LINA was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

25. At all relevant times, CRUZ-DOUGHTY has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

26. Pursuant to 29 U.S.C. §1132(a)(1)(B), CRUZ-DOUGHTY, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

27. CRUZ-DOUGHTY has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINA's failure to pay her disability benefits.

28. CRUZ-DOUGHTY has exhausted all administrative remedies under the LTD Plan.

29. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a)    Failing to pay LTD benefit payments to CRUZ-DOUGHTY at a time when LINA knew, or should have known, that CRUZ-DOUGHTY was entitled to those benefits under the terms of the LTD Plan, as CRUZ-DOUGHTY was disabled and unable to work and therefore entitled to benefits.

    (b)    Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of CRUZ-DOUGHTY's claim for LTD benefits;

    (c)    After CRUZ-DOUGHTY's claim was terminated in whole or in part, LINA failed to adequately describe to CRUZ-DOUGHTY any additional material or information necessary for CRUZ-DOUGHTY to perfect her claim along with an explanation of why such material is or was necessary.

    (d)    LINA failed to properly and adequately investigate the merits of CRUZ-DOUGHTY's disability claim and failed to provide a full and fair review of CRUZ-DOUGHTY's claim.

30. CRUZ-DOUGHTY believes and thereon alleges that LINA wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which CRUZ-DOUGHTY is presently unaware, but which may be discovered in this future litigation and which CRUZ-DOUGHTY will immediately make LINA aware of once said acts or omissions are discovered by CRUZ-DOUGHTY.

31. Following the termination of benefits under the LTD Plan, CRUZ-DOUGHTY exhausted all administrative remedies required under ERISA and CRUZ-DOUGHTY has performed all duties and obligations on her part to be performed under the LTD Plan.

32. As a proximate result of LINA's wrongful conduct, CRUZ-DOUGHTY has damages for loss of disability benefits in a total sum to be shown at the time of trial.

33. As a further direct and proximate result of this improper determination regarding CRUZ-DOUGHTY'S claim for benefits, CRUZ-DOUGHTY, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CRUZ-DOUGHTY is entitled to have such fees and costs paid by LINA.

34. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, CRUZ-DOUGHTY is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, LULDELIN CRUZ-DOUGHTY prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.   In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.   Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.   Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.   Such other and further relief as this Court deems just and proper.

Dated: March 26, 2021

>ATTORNEYS DELL AND SCHAEFER, CHARTERED
>Attorneys for Plaintiff
>2404 Hollywood Boulevard
>Hollywood, FL  33020
>Phone: (954) 620-8300
>Fax: (954) 922-6864
>
>   */s/ Cesar Gavidia*
>CESAR GAVIDIA, ESQ.
>Florida Bar No.: 015263
>Email: cesar@diattorney.com